THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a corporation, complainant,

*v.*

ETHEL J. SMITH and HANNAH S. LEUALLEN, defendants.

[Determined October 29th, 1924.]

**Insurance—Life—Changing Beneficiary—To Effect Change the Terms and Conditions of Policy Must Be Strictly Complied With.**

On bill of interpleader.

*Mr. Edmund C. Gaskill, Jr.,* for the complainant.

*Mr. George B. Marshall,* for the defendant Smith.

*Mr. George R. Greis,* for the defendant Leuallen.

INGERSOLL, V. C.

The case was heard upon the following stipulations:

"That prior to March 7th, 1922, Earl L. Leuallen and Ethel J. Leuallen were husband and wife; that on or about August 5th, 1918, the Prudential Insurance Company of America, a corporation of the State of New Jersey, issued its policy of insurance upon the life of the said Earl L. Leuallen, wherein it agreed, upon receipt at the home office of due proof of the death of Earl L. Leuallen, to pay the sum of $1,200, less any indebtedness due the company on account of the policy. It was further provided that the beneficiary named in said policy was Ethel J. Leuallen, the wife of the insured.

"That the court take for its consideration and admitted facts those facts set forth in the bill of complaint filed by the Prudential Insurance Company in this cause, which has

attached thereto a photographic copy of the life insurance policy as well as a copy of the amendment or change of beneficiary thereto undertaken by the said Earl L. Leuallen.

"That the right to change the beneficiary was reserved in the following language: 'If the right to change beneficiary has been reserved, and if the insured shall have obtained the majority according to the laws of the state in which the insured resides, the insured may, at any time while this policy is in force, by written notice to the company at its home office, change the beneficiary or beneficiaries under this policy. Such change to be subject to the rights of any previous assignee and to become effective only when provision to that effect is endorsed on or attached to the policy by the company, whereupon all rights of the former beneficiary or beneficiaries shall cease.'

"That on or about April 29th, 1921, Earl Leuallen, without the consent of the said Ethel J. Leuallen, his wife, undertook to effect a change of beneficiary by filing with the Prudential Inurance Company a request for amendment, a copy of which amendment is attached to the original bill of complaint filed.

"That no endorsement was ever made upon or attached to the policy of insurance by the company, and that said policy has been in the possession of the said Ethel J. Leuallen, now Ethel J. Smith, from the time of their separation, which occurred on or about March, 1921; that the said policy is now in the possession of the said Ethel J. Smith and is ready to be produced in this case.

"That the policy was in the possession of Ethel J. Smith, and I do not think Mr. Leuallen ever requested the policy from her, but that the company did request it and the company at the same time advised her, in the same breath, 'we have no more right to request of you that policy than we have to ask you to turn over to us certain valuables.' They did make such a request of her of the policy, and upon their advice she refused to turn it over."

The policy and certain letters were offered in evidence.

It is well settled in this state, in cases of this kind, that in order to affect a change of beneficiary * * * the terms and conditions imposed by the policy to accomplish those ends (this end) must be strictly complied with. *Metropolitan Life Insurance Co.* v. *Zgliczenski, 94 N. J. Eq. 300,* and cases therein cited.

The ineffectual attempts made by the insured to have the conditions complied with do not take this case without the rule above stated.

I will advise a decree that the fund be paid to Ethel J. Smith, the beneficiary named.